# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

JAMES WINTERS      )
24230 Ski Road      )
Chugiak, Alaska 99567      )
      )
LINH THI TRUC NGO      )
188 Thanh Loi Hamlet      )    Civil Action No 1:23-cv-1721
Duc Tan Commune, Tan Tru      )
District, Long An Province,      )
Vietnam      )
      Plaintiff(s)      )
      )
      v.      )
      )
ALEJANDRO MAYORKAS, in his official      )
capacity, Secretary, U.S. Department of      )
Homeland Security;      )
UR M. JADDOU, in her official capacity,      )
Director, U.S. Citizenship and Immigration      )
Services;      )
2707 Martin Luther King Jr. Ave, SE      )
Washington, DC 20528-0485      )
      )
MERRICK B. GARLAND, in his official      )
capacity, Attorney General, Office of Attorney      )
General, U.S. Department of Justice;      )
950 Pennsylvania Avenue, NW      )
Washington, DC 20530-0001      )
      )
      Defendants(s).

---

## PLAINTIFFS' ORIGINAL COMPLAINT FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COME NOW JAMES WINTERS (hereinafter "Plaintiff WINTERS" or collectively "Plaintiffs") and LINH THI TRUC NGO (hereinafter "Plaintiff NGO" or collectively "Plaintiffs"), by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff WINTERS' Form I-129F, Petition for Alien Fiancé(e), ("Petition") within a reasonable period of time. The Petition, if approved, will allow Plaintiff NGO to apply for a visa to enter the United States and thereafter marry her U.S. citizen fiancé, Plaintiff WINTERS. Plaintiff NGO does not have the right to come to the U.S. without the approval of Form I-129F.  Until a decision is made on the Petition, Plaintiff NGO's Application for a visa cannot be filed or considered; this necessarily means that Plaintiff WINTERS and Plaintiff NGO, will be forced to continue living separately in different countries for years without judicial intervention.

2.      The Plaintiffs have a clear right to adjudication of their Petition in a timely manner. The delay in making a decision on Plaintiffs' Petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3.      In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 4.6 months for the adjudication of Form I-129F. Plaintiff's Form I-129F has been pending for over 36 months, which is almost eight times the historical average processing time as reported by USCIS.[1]

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

4.     Even after a delayed adjudication by USCIS, given the backlog of cases, Plaintiffs will likely have to wait many months, and potentially years, for the Department of State to finish the processing of a visa application, which is the second step after the Petition is approved.  USCIS delay in this case unreasonably and unnecessarily adds to the number of years the couple will be forced to live separately in two different countries.

5.     Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petition as there are no in-person interactions that are necessary or routine in the adjudication process; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

6.      The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

7.     Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

**PARTIES**

8.     Plaintiff WINTERS is a resident of Anchorage County, Alaska, and a citizen of the United States.  He is the fiancé of Plaintiff NGO and the petitioner of Form I-129F, Petition for Alien Fiancé(e), allowing beneficiary qualification for Plaintiff NGO to apply for a visa to come to the United States.

9.     Plaintiff NGO is a resident and national of the country of Vietnam.  Plaintiff NGO is the named beneficiary of her USC fiancé's Form I-129F, Petition for Alien Fiancé(e).

10.     Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official

capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11.     Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

12.     Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

14.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15.     The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Petition. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS, directly, as well as through Mr. WINTER's local congressman, all to no avail.

4

16.    The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Form I-129F Petition.

17.    There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

18.    On June 9, 2020, Plaintiff WINTERS properly filed Form I-129F, Petition for Alien Fiancée, along with the requisite fee, naming his fiancée, Plaintiff NGO, as the beneficiary (Receipt# WAC-209-012-5449) with USCIS. **[EXHIBIT A].**

19.    On February 23, 2021, USCIS issued a Request for Evidence, which Plaintiffs have fully and timely responded to. **[EXHIBIT B].**

20.    On January 6, 2022, Plaintiffs were informed that their Petition was being transferred from the California Service Center to the Vermont Service Center. The Petition continues to remain pending. **[EXHIBIT C].**

21.    Plaintiffs have made numerous inquiries over the past three years (over 36 months or 1100 days) directly with USCIS and through Plaintiff WINTERS' Congressman requesting the adjudication of their Petition.

22.    Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiffs' Petition was pending background checks.

23.    Plaintiffs' Petition now continues to be pending with USCIS for over three years (over 36 months or 1100 days).

24.    USCIS has published a historical processing time of 4.6 months for the adjudication of Form I-129F for cases filed in 2020.  Plaintiffs' Form I-129F has been pending for over 36

5

months, which is almost eight times the historical average processing time as reported by USCIS.[2]

25.     Defendants have refused to provide further explanation which would merit the need for nearly eight times the historical average processing time for adjudication of their Petition.

26.     Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petition as there are no in-person interactions that are necessary or routine in the adjudication process; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

27.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in pending status.

## COUNT I

### VIOLATION OF THE APA- FORM I-129F

28.     All prior paragraphs are re-alleged as if fully stated herein.

29.     Plaintiff WINTERS has a statutory right to apply for and receive an adjudication of his Form I-129F, Petition pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and 8 U.S.C. § 1154(b).

30.     Defendants have a duty to adjudicate Plaintiff WINTERS' Petition within a reasonable period of time under 5 U.S.C. §555(b).

31.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

32.     No other adequate remedy is available to Plaintiffs.

33.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Petition.

---

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

6

34.     The delay in making a decision on Plaintiff's Petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

35.     Given the Defendants' lack of a reason for not making a decision on Plaintiff WINTERS' Petition for over three years (over 36 months or 1100 days), Plaintiffs' Form I-129F Petition has been pending for an unreasonably long period of time.

36.     Defendants have failed in their statutory duty to adjudicate the Petition within a reasonable time.

37.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

38.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Form I-129F, Petition thereby depriving Plaintiffs of the rights to which they are entitled.

39.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff WINTERS has been denied the right to petition for his fiancée to come to the United States.

40.     Plaintiff WINTERs and Plaintiff NGO are forced to live apart in separate countries due to Defendants' delay.

41.     Further, Plaintiff NGO has been unable to come to the United States to marry her U.S. citizen fiancé.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

    1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Petition.

    2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Petition immediately.

    3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 13, 2023                Respectfully submitted,

                                     /s Sadaf F. Ahmed
                            **Sadaf F. Ahmed, Esq. (IN0013)**
                            **JEELANI LAW FIRM, PLC**
                            **9511 Angola Court**
                            **Indianapolis, IN 46268**
                            **sadaf@jeelani-law.com**
                            **Phone:(312) 767-9030**
                            **Fax:(312) 767-9030**
                            *Counsel for Plaintiff*

8